IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Darrell Surles, <br><br> Plaintiff, <br><br> v. <br><br> Argosy University of California LLC; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: 1:14-cv-9889 <br><br> COMPLAINT |

For this Complaint, the Plaintiff, Darrell Surles, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Darrell Surles ("Plaintiff"), is an adult individual residing in Chicago, Illinois, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Argosy University of California LLC ("Argosy"), is a Pennsylvania business entity with an address of 210 Sixth Ave, 33rd Floor, Pittsburgh, Pennsylvania 15222, and is a "person" as defined by 47 U.S.C. § 153(39).

**A. Argosy Engages in Harassment and Abusive Tactics**

## FACTS

5.  Beginning in February, 2014, Argosy contacted Plaintiff on Plaintiff's cellular telephone, number 773-xxx-8852, in an attempt to solicit services to Plaintiff.

6.  During all times mentioned herein, Argosy called Plaintiff on his cellular telephone from number 312-777-7604, using an automatic telephone dialing system ("ATDS").

7.  When Plaintiff answered the calls, he would hear a period of music being played and had to wait on the line to be connected to a live representative.

8.  Plaintiff never provided his cellular telephone number to Argosy and never provided Argosy with written consent to place calls to his cellular phone using an ATDS.

9.  Furthermore, during a conversation with Argosy Plaintiff requested that the calls to his cellular phone cease.

10. Without Plaintiff's consent, Argosy placed over fifteen calls to Plaintiff's cellular phone. The repeated calls caused Plaintiff significant inconvenience.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order,

2

18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

14. Defendants' telephone systems have some earmarks of a Predictive Dialer.

15. Often times when Plaintiff answered the phone, he was met with a period music being played before Defendants' telephone system would connect him to the next available representative.

16. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Plaintiff never provided his cellular telephone number to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants to stop all calls to him.

18. In the event Defendants at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demands to cease calls to his cellular telephone.

19. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

3. Granting the Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 10, 2014

                                        Respectfully submitted,

                                        By\_\_/s/ Sergei Lemberg_____

                                        Sergei Lemberg, Esq.
                                        LEMBERG LAW, L.L.C.
                                        1100 Summer Street, 3rd Floor
                                        Stamford, CT 06905
                                        Telephone: (203) 653-2250
                                        Facsimile: (203) 653-3424
                                        Attorney for Plaintiff